STEVEN S. ALM
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

CRAIG H. NAKAMURA
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. **CR00-00090 HG** | |
| Plaintiff, ) | INDICTMENT | |
| vs. ) | [18 U.S.C. § 2320 | |
| ) | 18 U.S.C. § 371] | |
| DAVID GIANG, and (01) ) | | |
| CINDY GIANG, (02) ) | | |
| a/k/a "Cindy Vuong," ) | | |
| Defendants. ) | | |

### INDICTMENT

The Grand Jury charges that:

### COUNT 1

1.   From a precise date unknown to the Grand Jury, but by in or about 1994, and continuing through at least June 6, 1996, in the District of Hawaii and elsewhere, the Defendants, DAVID GIANG and CINDY GIANG, also known as "Cindy Vuong," did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree together and with each other, and with

other individuals both known and unknown to the Grand Jury, to intentionally traffic and attempt to traffic in goods and knowingly use counterfeit marks on and in connection with such goods, in violation of 18 U.S.C. § 2320.

## OVERT ACTS

2.  In furtherance of the conspiracy and to achieve the objects thereof, Defendants DAVID GIANG and CINDY GIANG, and their co-conspirators, both known an unknown to the Grand Jury, committed and caused to be committed the following overt acts in the District of Hawaii and elsewhere:

   a.  On April 24, 1996 and April 25, 1996, DAVID GIANG spoke to another individual about the sale of counterfeit watches.

   b.  On April 25, 1996, Defendant CINDY GIANG spoke to another individual about the sale of counterfeit watches.

   c.  On April 25, 1996, DAVID GIANG drove CINDY GIANG to Waikiki.

   d.  On April 25, 1996, CINDY GIANG delivered watches bearing the counterfeit trademarks of "Rolex" and "Tag Heuer" to another individual.

   e.  On June 6, 1996, DAVID GIANG and CINDY GIANG possessed at their residence in Honolulu, Hawaii, more than 3,000 watches and other goods, with an appraised value of over $190,000, which they intended to sell, including watches bearing

the counterfeit trademarks of "Rolex," "Tag Heuer," "Mickey Mouse," "Chanel," "Boy London," "Guess," "Dunhill," "Gucci," "Christian Dior," "Geneva," Pierre Nicol," and other well-known brands.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-3

On or about April 25, 1996, in the District of Hawaii, the Defendants, DAVID GIANG and CINDY GIANG, also known as "Cindy Vuong," did intentionally traffic in goods, and knowingly used a counterfeit mark on and in connection with such goods, in that Defendants sold watches bearing the counterfeit marks identified below, which Defendants then knew were counterfeit marks, and which counterfeit marks were identical with and substantially indistinguishable from genuine marks in use and registered for those goods on the principal register in the United States Patent and Trademark Office, and the use of which marks was likely to cause confusion, to cause mistake, and to deceive, with each counterfeit mark identified below constituting a separate count of this Indictment:

| Count | Counterfeit Mark Of | Type of Good |
|-------|---------------------|--------------|
| 2 | Rolex Watch U.S.A., Inc. | watches |
| 3 | Tag-Heuer S.A. and Heuer-Leonidas, S.A. | watches |

All in violation of Title 18, United States Code, Section 2320.

3

COUNTS 4-12

On or about June 6, 1996, in the District of Hawaii, the Defendants, DAVID GIANG and CINDY GIANG, also known as "Cindy Vuong," did intentionally traffic and attempt to traffic in goods, and knowingly used a counterfeit mark on and in connection with such goods, in that Defendants possessed watches which they intended to sell, transfer, and dispose of, bearing the counterfeit marks identified below, which Defendants then knew were counterfeit marks, and which counterfeit marks were identical with and substantially indistinguishable from genuine marks in use and registered for those goods on the principal register in the United States Patent and Trademark Office, and the use of which marks was likely to cause confusion, to cause mistake, and to deceive, with each counterfeit mark identified below constituting a separate count of this Indictment:

| Count | Counterfeit Mark Of | Type of Good |
| --- | --- | --- |
| 4 | Rolex Watch U.S.A., Inc. | watches |
| 5 | Tag-Heuer S.A. and Heuer-Leonidas, S.A. | watches |
| 6 | Walt Disney Company | watches |
| 7 | Chanel, Inc. | watches |
| 8 | Blus Corporation d.b.a Boy London Corporation (Boy London) | watches |
| 9 | Guess?, Inc. | watches |
| 10 | Alfred Dunhill Limited | watches |

| Count | Counterfeit Mark Of | Type of Good |
|---|---|---|
| 11 | Gucci Shops, Inc. and Gucci America, Inc. | watches |
| 12 | Taxor, Inc. (Pierre Nicol) | watches |

All in violation of Title 18, United States Code, Section 2320.

DATED: March 9, 2000, at Honolulu, Hawaii.

_____
FOREPERSON, Grand Jury

_____
STEVEN S. ALM
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U.S. Attorney

_____
CRAIG H. NAKAMURA
Assistant U.S. Attorney

UNITED STATES v. DAVID GIANG, et al.
Cr. No. _____; "Indictment"

5